Willoughby, J.
In this case, the prisoner being indicted for murder by the grand jury of the Circuit court, and being in custody of the court, before his. trial, demanded to have his cause remanded to the County court of the county, in order that he might there have the privilege, when arraigned, of electing whether he would be tried there or in the Circuit court. This being refused, and he then being immediately tried and convicted, a writ of error was awarded upon the ground of the refusal of this demand.
The question is, whether the Circuit court had, under such circumstances, jurisdiction to proceed with the trial, and is to be determined, by a construction of' the act of assembly of April 27th, 1867, entitled “an act to revise and amend the criminal procedure.”
Under the law as it stood previous to the act of April 27th, 1867, trials of felony of white persons were all to be had in the Circuit court, and by such act, the felony of all persons was to-be tried in the Circuit court. The result of this was, that a very large portion of the time of Circuit courts was taken up by the trial of criminal causes, and in many counties often almost to the exclusion of civil business. Besides, such court holding in most of the counties but twice a year,, the trial of felonies was liable to be long delayed to the great hardship of the accused, especially if he could not give bail,, (and those cases were very frequent), and to the great expense of the Commonwealth by being obliged to provide for such accused persons who could not give the required security for their appearance.
These were no doubt the principal reasons for the-changes made in the act under consideration.
*631 The act therefore provides that “trials for felony shall be in a County or Corporation court, and may be, at any term thereof, except that a person to be tried ■ for” certain enumerated offences, among which, is murder, “may, upon his arraignment in the County or Corporation court, demand to be tried in the Circuit court having jurisdiction of the said county or corporation.” "Witnesses are to be then recognized, and papers transmitted, &c.
On page 929, of Acts of Assembly of 1866 and ’7, section 15, provides what course is to be taken “ upon a presentment, indictment or information of a felony for which the party charged has not been arrested.”
The next section, sec. 16, provides that “when a presentment is made or indictment found in a case other than that provided for in the preceding section, if it be in a Circuit court, a copy of such presentment or indictment and of all papers relating to the case, shall be certified by the clerk of the court of the county or corporation in which the offence is charged to have been committed.”
If the prosecution be for a felony, process shall be awarded, which shall be a capias, &c.
These sections, unless modified by some other section, would show, it seems to me, as plainly as language can show, that the Circuit court has no power to proceed originally with the trial of any criminal of-fence ; and no power to try in any event, except as such cases may be removed to it from the County or Corporation court, according to the first section herein quoted. -
But the authority to try a case as this was tried is claimed to be founded upon the section next succeeding the one first herein quoted, page 932, sec. 2, which provides: “ When an indictment is found or other accusation filed against a person for felony in a court wherein he may be tried, the accused, if he is in cus *632 tody, or if he appear according to his recognizance, shall, unless good cause be shown for a continuance, be arraigned and tried at the same term.”
The fact that he is in custody of a court in which he may be tried is made the basis of jurisdiction.
According to this two things must concur: He must be in custody: The court must be one in which he may be tried.
The mere fact of being in custody cannot alone determine in what court a prisoner is to be tried for felony: He must be in custody to be tried any where as a matter of course.
The important enquiry then is, what is the cdurt in which he may be tried. How are we to ascertain this ?
This section does not show or profess to show. We are then to enquire elsewhere.
How the court in which murder may be tried depends upon circumstances connected with the case. It may be in the County court, if the prisoner upon his arraignment so elects.
It may be in the Circuit court, if the prisoner, upon his arraignment so elects. The important fact, then, is this election. If it is to be tried in the County court, the Circuit court is not one in which he may be tried. This is a privilege given to the prisoner. Such privilege ought not to be taken from him by a doubtful construction of another section. He is entitled to a liberal construction of such other section, and in case of reasonable doubt, he should be entitled to the benefit. The legislature having just before, in the preceding section, given him this privilege in the plainest terms, it must not be presumed that in the next breath, they meant to deprive him of it without any substantial reason therefor; and it is difficult to see why the mere fact of his being in custody should constitute such a reason.
How, what is the leading idea of the clause in dispute? Has it not plainly reference more to the time of *633 "trial; that is, that there shall be an immediate trial and no continuance without good cause? Do not the qualifications of this clause refer to this leading idea, rather than to the question of jurisdiction? The words, if in custody, are there because sueh must he an obviously necessary fact which must exist in order to enable the court to proceed to an immediate trial in any court. The immediate trial is the controling thought. All othei’s are accessory to it.
The language of this section is precisely the same as it stood before, except the insertion of the words “or other accusation filed.” (“Code of 1860, chap. 208, sec. 2.) Under the law, as it then stood, if a person was indicted for felony in the Circuit court, he had the right to be sent to the County court for examination; or if he chose, he might be- immediately tried. He was then in a court in which it could be said he may be tried. More than this, he must he tried there. But did anybody ever argue, that because of this section he should be immediately tried without the privilege of going to the County court for examination ? And yet, it might have been argued with the same propriety as now.
It is argued that it is an absurdity to allow the prisoner to have his canse remanded to the County court only to allow him the privilege of having his cause certified hack to the courtfrom which he started.
Ve have nothing do with this if it he the law. But how can we say that this is the object of the accused. Perhaps it may be to have his cause tried in the County court. The law gives him the privilege of trying his cause there if he wishes it; and what is the absurdity of allowing him to avail himself of this privilege.
Besides. I think that there can be’said to be another reason for it; and that is that it carries out. or tends to carry out, one of the main objects of the change of *634 trial from Circuit to County courts; and that is to relieve the Circuit court of all such trials possible.
The 15th and 16th sections above quoted of the preceding chapter strengthen this view very much. According to the 15th section the court is instructed to take cerr tain steps where a person is indicted for a felony and is not arrested. According to the 16th section, in all other cases (and a person who is arrested is another case), if in a' Circuit court, the papers shallbe certified to the County or Corporation court. Could there be a more positive command ?
It is argued that the old act is not expressly repealed, and that the object of this law is merely to enlarge the jurisdiction of the County court. I do not think that this view can be maintained The language of this act is too explicit and too inconsistent with the former one to allow this interpretation. I think it quite plain that the act, as it now stands, was to take the place entirely of the former one; and that we are to look to this alone to determine in what courts cases of felony are to be tried.
I can therefore come to no other conclusion than that the court below erred in refusing to allow the prisoner to have his case remanded to the County court for trial, and that therefore the judgment of the Circuit court must be reversed.
Burnham, P. The accused was tried in the Circuit court of Northampton county, upon a charge of murder in the first degree, and being in custody, he was indicted, arraigned, convicted and sentenced in said court, in disregard of his motion, “to certify his case to the County court, in order that he might have his election as to which court he would be tried in.” This may be deemed substantially a claim for certification under the 16th section, chapter 207, of act of 1866-7. It is claimed by the accused, that “ the County court was the *635 only court having jurisdiction to try the case” and in support of such, theory, is cited the before mentioned act of assembly of Virginia, passed April 27,1867, entitled “ an act to revise and amend the criminal procedure,” and amending and re-enacting the several chapters of the Code of Virginia, edition of 1860, from 201 to 211 inclusive, except chapter 205. The 1st section of chapter 208, p. 931-2, provides, and is as follows: “ Trials for felony shall be in a County or Corporation court, and may be at any term thereof, except that a person to be tried for rape, arson, malicious shooting, cutting, stabbing or wounding, with intent to maim, disfigure or kill; for forgery, or uttering as true, forged paper; for passing counterfeit money, or for a felony which may be punishable with death; may, upon his arraignment in the County or Corporation court, demand to be tried in the Circuit court having jurisdiction of the said county or corporation; but no such demand shall be allowed in any Corporation or Hustings court held by a judge, and in which, by especial statute, capital felonies may now be tried. Hpon such demand, the accused shall be remanded for trial in the said Circuit court, and all the material witnesses desired for the prosecution or the defence, shall be recognized for their attendance at such trial.” The farther provisions of this section direct the acts to be done, in order to such removal of the cause,.and of the custody of the accused, to the Circuit court, and are not important as affecting the points presented in this case. It may be observed that the first clause of the section above cited confers jurisdiction of felonies upon the County or Corporation courts, and does not exclude the jurisdiction of other courts over the same crime, hut expressly allows persons charged with certain felonies, upon arraignment in the County court, to elect to be tried in a Circuit court; thus recognizing the continuance of jurisdiction in, and the full competency of, Circuit courts, to try persons *636 charged with felonies. It does not exclude the jurisdiction of other courts, beside the Circuit courts, but recognizes and names them as “ Corporation or Hustings courts, held by a judge.” The removal of cases provided for by this section, is to carry them from thé County or Corporation court to the Circuit court, and does not authorize the remanding contrariwise.
The 2d section of the same chapter is as follows :
When an indictment is found, or other accusation filed, against a person for felony, in a court wherein he may be tried, the accused, if in custody, or if he appear according to his recognizance, shall, unless good cause be shown for a continuance, be arraigned and tried at the same term” The remaining part of this section is not material to the question under consideration. It thus appears that where a person charged with felony is in custody, or appears in a court wherein he may he tried, he shall, upon indictment found, be arraigned and tried “ at the same term,” unless good cause be shown for a continuance. An immediate trial in the court, where the prisoner is under indictment, or appears in custody, is clearly guaranteed to him and the Commonwealth, and is to be avoided or prevented in but the way and for the cause named in the same section. The Circuit courts for many years had jurisdiction of cases of felony. They were presided over by gentlemen learned in the law, and of eminent ability and purity of character ; and it is certainly not to be deemed the intent of the legislature to destroy by implication the safeguards to personal life and liberty thus provided, or a hearing before such court, simply in order to facilitate the trials of questions of financial interests only. Jurisdiction once existing, is removed only by positive provision; and no legislative intent can be supposed against it that is not plainly expressed. It being conceded that the Circuit ctíurts had power at the time of the passage of the act óf 1866-7 to try all felonies, *637 every presumption is in favor of the continuance of such jurisdiction.
If it be not removed by legislative enactment, or if such power remain in them under laws not repealed, it is sufficient.
It is urged, however, that the 16th section of chapter 207, p. 929, authorizes and requires the certifying and forwarding by the clerk of any indictment for felony found in the Circuit court; and that therefore the accused was entitled, upon demand of the Circuit court, to be sent to the County court of the county “for his arraignment and election as to whether he would be tried in said County court or in the Circuit court of said county;” and that the refusal of the Circuit court so to direct was erroneous.
There seems no room to dispute that the accused was in custody for murder in the first degree (a capital felony), at the time when the motion was made to certify, &c.; nor that an indictment was legally and duly found and returned against him for said offence, and that the said cause was then fending in the Circuit court of Northampton county. The power of the grand jury of a Circuit court to find an indictment for felony is expressly recognized by section 16 before cited; and the 2d section of same chapter, p. 926, says, that “ no person shall be put upon trial for any felony unless an indictment shall have been first found by a grand jury of a court > of competent jurisdiction,” &e. If a Circuit court is competent to find an indictment for felony, can there be any doubt of its competency to try it? It is believed the “act to revise and amend the criminal procedure,” before cited, does not remove original jurisdiction of eases of felony from the Circuit courts of the Commonwealth. The 16th section of chapter 207, before cited, directing the clerk of the said court to copy and certify the indictment and papers connected therewith in certain cases, applies only to cases other *638 than felony, and does not provide for the transfer of causes for trial, or the custody of the person, nor seem to contemplate such a contingency as possible; and it is obviously qualified by the 2d section of chapter 207, p. 926-7, the 1st and 2d sections of chapter 208, p. 931-2, and by the 4th section of chapter 211, p. 945; and its provisions should be considered, with such other parts of the act, as a general system, to be taken together and so interpreted.
Thus construing the amendatory acts, it is clear that any felony might have been tried in the Circuit court having jurisdiction of the place at which the same was committed; and that although such courts might transfer certain felonies which are named, they were prohibited from transferring prosecutions for capital felonies, to the County or Corporation courts. Such prose- • cutions “pending in a Circuit court,” are directed by the statute to remain and be tried “ therein,” without restriction of the word pending, to the time when such act should take effect, as is provided and allowed of other prosecutions in the earlier part of the same section. That this was the intent of the legislature, is shown by the words of the section. The first part and provision of § 5, Acts 1866-7, p. 945, explicitly indicates the time certain classes of causes may be removed, to the date “ when such act shall take effect;” which, by the 6th section of same chapter, is stated to be July 1st thereafter; while the last and distinct portion of the same section, says: “Any prosecution for a capiial£e\o\ij pending in a Circuit court shall remain and he tried therein” Uo restriction as to time of trial, or the date'when pending. The prosecution for such crime, so pending in a court “in which the case may be tried,” by original jurisdiction or otherwise, and the accused being in custody, he is entitled to, and may be tried in, 'such Circuit court as a court of “competent jurisdiction;” and the court is required then and there to try him. The *639 magnitude of the offence for which trial is to he had, •and the gravity of the consequences which may follow a conviction, all approve the humanity and wisdom of the legislature, who thus, it is believed, ensured a speedy trial before a court of the highest qualities, and secured, to the accused, under such circumstances, an early and exhaustive trial of his cause, by a court which had been approved by long years of experience as the safe custo'dian of right and the”protector of the most momentous interests. This, too, without subjecting him to the delay, expense, anxiety and suffering, inseparably entailed, by having his cause certified and sent down to another court to await a convenient time to present a demand to be returned to the court from which he had just come, then again to await time for the hearing of his cause.
In my opinion, which is expressed with great respect for the majority of the court, from whom I dissent, the true and proper construction of said statute of 1866-7, and of the law theretofore existing, is, that the judgment of the court below should be approved and affirmed.
Dorman, J., concurred in the opinion of Willoughby, J.
Judgment reversed.